ACCEPTED
03-14-00608-CV
4239789
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/20/2015 11:49:59 PM
JEFFREY D. KYLE
CLERK

No. 03 -14-00608-CV

IN THE
THIRD COURT OF APPEALS
at AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

2/20/2015 11:49:59 PM

JEFFREY D. KYLE
Clerk

_____

LINDA S. NOWLIN,
Appellant,
v.
LORI KEATON,
Appellee .

_____

Appealed from County Court at Law, Number 1
Travis County, Texas

_____

APPELLEE'S BRIEF

_____


Respectfully submitted,
Robby P. Abarca
Texas Bar No. 24043515
P.O. Box 152547
Austin, Texas  78715
Tel.  (512) 318-4722
Fax  (512) 697-2832
rpabarca@abarcalawfirm.com

ATTORNEY FOR APPELLEE,
LORI KEATON


**APPELLEE  REQUESTS ORAL ARGUMENT**

LINDA S. NOWLIN,
Appellant,

v.

LORI KEATON,
Appellee .

_____

IDENTITY OF PARTIES & COUNSEL

_____

**APPELLANT:**
LINDA S. NOWLIN represented by:
Mr. David Nowlin
State Bar No. 24049196
P.O. Box 17511
Austin, Texas 78760
Tel: (512) 468-4882
email: davidnowlin@me.com.

**APPELLEE:**
LORI KEATON represented by:
Mr. Robby P. Abarca
State Bar No. 24043515
P.O. Box 152547
Austin, Texas 78715
Tel. (512) 318-4722
Fax (512) 697-2832
email: rpabarca@abarcalawfirm.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL............................................................ii

TABLE OF CONTENTS.......................................................................iii

INDEX OF AUTHORITIES...................................................................iv

STATEMENT OF THE CASE..................................................................v

REPLY TO ISSUES PRESENTED...........................................................vi

STATEMENT OF FACTS.......................................................................1

SUMMARY OF THE ARGUMENT.......................................................XX

ARGUMENT.........................................................................................3

PRAYER.............................................................................................XX

CERTIFICATE OF COMPLIANCE...................................................10

CERTIFICATE OF SERVICE..............................................................,,,,11

APPENDIX.........................................................................................12

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

# INDEX OF AUTHORITIES

## CASES

*Marshall v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)..................................................................................................4

*Betty Geters v. Baytown Housing Authority*, 430 S.W.3d 578 (Tex.App.-Houston 2014)..................................................................................................4

*Sanderson v. Sanderson, 109 S.W.2d 744 (Tex.Com.App. 1937)*...............................5

*Sargent v.Hightight Broadcasting Co.,*466S.W.2d 866,867(Tex.Civ.App.-Austin 1971, no writ)........................................................................................5

*E.J. Rohrt et al*, v. *Kelley Manufacturing Company*, 349 S.W.2d 95, 99 (Tex. 1961)..................................................................................................6

*Guarjardo v. Alamo Lumber Company*, 317 S.W.2d 725, 726 (Tex. 1958)..................................................................................................7

## RULES

Tex. R. Civ. P. 510.3(e)...............................................................................XX

## STATEMENT OF THE CASE

*Nature of the case*
Appellant (landlord) filed an eviction suit against Appellee (tenant) (CR 30). Appellee filed a general denial. (CR 112).

*Course of proceedings*
Appellee defeated appellant's eviction suit in Travis County Justice Court Precinct Two. (CR 11). Appellant appealed. (CR 8).

Appellee won again, this time in Travis County Court at Law Number One (CR 145, 146). Appellant filed motions for judgment notwithstanding the verdict and for new trial, both of which the court overruled. (CR 159, 170).

*Trial court disposition*
The trial court rendered judgment on the verdict for Appellee on September 17, 2014. (CR 176).

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

## ISSUE PRESENTED FOR REVIEW

This appeal is moot because no justiciable, live controversy exists between the appellant and Appellee; therefore, this appeal must be dismissed because it is moot.

THIS REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK

## STATEMENT OF FACTS

On May 6, 2014, Appellee (tenant) began leasing from appellant (landlord) the premises located at 3907 Eck Lane, Austin, Travis County, Texas 78734. (RR 2:27).

On June 4, 2014, appellant posted a Notice to Vacate on Appellee 's front door stating that the lease was terminated (CR 32).

On June 6, 2014, appellant filed an eviction suit (forcible detainer suit) against Appellee in Travis County Justice Court where it was assigned Cause No. J2-CV-14-07434. (CR 30). Appellant's original petition stated that Appellee should be evicted for violation of lease Paragraph 20 – Prohibited Conduct. (CR 30).

On July 2, 2014, Appellee defeated appellant's June 6th eviction suit. (CR 11). The court's Judgment for Defendant states, "IT IS THEREFORE ORDERED by the Court that the Defendant. LORI KEATON, [Appellee in this proceeding before the Third Court of Appeals] continue to use and enjoy possession of the premises located at 3907 Eck Ln. Austin, Travis County, Texas 78734." (CR 11).

On July 7, 2014, appellant appealed the judgment in Cause No. J2-CV-14-07434 to Travis County Court at Law Number 1. (CR 8). The appeal was assigned Cause No. C-l-CV-14-00693 (CR 8).

1

On August 25, 2014, Appellee won a unanimous jury verdict in Travis County Court at Law Number 1. (CR 144 – 150).

On September 5, 2014, Appellee voluntarily withdrew her claim to right of possession to 3907 Eck Lane and move out of the residence (RR SUP:9; RR SUP:13).

On September 17, 2014, Travis County Court at Law Number 2 signed the judgment in Appellee 's favor in Cause No. C-l-CV-14-00693. (CR 176). The court's Final Judgment states, "[T]he Court orders that [appellant in this proceeding before the Third Court of Appeals] take nothing and that [Appellee in this proceeding before the Third Court of Appeals] recover court costs from plaintiff." (CR 176).

On September 22, 2014, appellant appealed the judgment in Cause No. C-l-CV-14-00693 to the Third Court of Appeals. The appeal was assigned Cause No. 03-14-00608-CV (CR 177).

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

## SUMMARY OF THE ARGUMENT

This appeal is moot and should be dismissed as a matter of law:

1. Appellee does not have a present possessory interest in the property as of September 5, 2014;

2. Appellee fulfilled her duty to pay rent in July and August 2014;

3. appellant's basis for eviction was not for non-payment of rent;

4. appellant terminated the lease on June 4, 2014 at which time Appellee 's duty to pay rent ended;

5. appellant's claims of judicial bias are purely subjective and without merit.

THIS PAGE IS INTENTIONALLY LEFT BLANK

ARGUMENT


**Argument 1:**

**Appellee does not have present possessory interest in the residence**

**as of September 5, 2014 rendering this appeal moot as a matter of law.**

"An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property." *Marshall v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Further, Rule 510.3(e) of the Texas Rules of Civil Procedure requires the court to adjudicate the right to actual possession and not title. "The only issue in a forcible detainer action is the right to possession of the premises. Thus, if the tenant no longer has an arguable right to possession, even once the case is on appeal, a justiciable controversy ceases to exist, and the case is rendered moot." *Betty Geters v. Baytown Housing Authority*, 430 S.W.3d 578 (Tex.App.-Houston 2014).


**Argument 2:**

**Appellee fulfilled her duty to pay rent in July and August 2014,**

**and no controversy exists.**

On July 3,4, and 7, appellant refused appellee's attempts to pay rent for July.

4

Appellant stated on July 22 that she would never accept rent from appellee. Yet, in July and August she posted a Notice to Vacate on Appellee's front door stating failure to pay rent as the basis for the notice.

Because appellant refused Appellee's attempts to pay rent and used non-payment of rent as a basis for attempting to evict Appellee, Appellee's obligation to pay rent in July and August is considered fulfilled as a matter of law.

"It is a universal maxim that, where the obligation of a party depends upon a certain condition being performed, and the fulfillment of that condition is prevented by the act of the other party, the condition is considered as fulfilled." *Sanderson v. Sanderson*, 109 S.W.2d 744 (Tex.Com.App. 1937); see also *Sargent v.Hightight Broadcasting Co.*,466S.W.2d 866,867(Tex.Civ.App.-Austin 1971, no writ).

### Argument 3:

**The basis for the eviction suit was for violation of the Lease Paragraph 20- Prohibited Conduct and not for non payment of rent.**

The appellant alleged only that the Appellee violated lease paragraph 20 – Prohibited Conduct of which the appellant failed to meet her burden of proof in the eviction suit filed in Justice Court. (CR30)

5

**Argument 4:**

**No further rents are due after the date a lease is terminated**

Appellee 's duty to pay rent ended when appellant terminated the lease in her notice to vacate dated June 4th, 2014. The notice stated, in part: "Your residency is terminated effective immediately. You are hereby given notice to vacate the premises on or before midnight, June 5, 2014." (CR 32).

A landlord may not recover future rents stipulated in a lease when the landlord, and not the tenant, terminates a lease. *E.J. Rohrt et al*, v. *Kelley Manufacturing Company*, 349 S.W.2d 95, 99 (Tex. 1961).

**Argument 5:**

**The appellant's claims of judicial bias are subjective and without merit. Furthermore, the appellant's character assassination of Judge Phillips insults our courts and it's process of justice and order rendering this claim ridiculous and unfounded and should be disregarded.**

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

**CONCLUSION:**

This appeal has no genuine issues of controversy and is moot as a matter of law and should be dismissed. The Texas Supreme Court has held that "when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed." *Guarjardo v. Alamo Lumber Company*, 317 S.W.2d 725, 726 (Tex. 1958).

<u>PRAYER</u>

Appellee requests that the Court dismiss this appeal because it is moot.

Respectfully submitted,
*/s/Robby Abarca*
Robby P. Abarca
Texas Bar No. 24043515
P.O. Box 152547
Austin, Texas 78715
Tel. (512) 318-4722
Fax (512) 697-2832 rpabarca@abarcalawfirm.com

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

<u>CERTIFICATE OF COMPLIANCE</u>

I certify that this document was produced on a computer using Apache OpenOffice 4.0.1 and contains 1545 words, as determined by the computer software's word-count function.

*/s/ Robby Abarca*
Robby P. Abarca

## CERTIFICATE OF SERVICE

I certify that a copy of Appellee's Brief was served on Appellant, Linda S. Nowlin, through her counsel of record, Mr. David Nowlin, 7301 RR 620 North, Ste. 155, 319, Austin, Texas 78726-4537; tel. (512) 468-4882; email: davidnowlin @me.com, by electronic service on February 17, 2015 before 5:00 p.m. (local time of the recipient).

*/s/Robby Abarca*
Robby P. Abarca
