**Opinion issued January 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-01015-CV

————————————

## SANDRA NZE, Appellant

## V.

## UCHENNA NWABUEZE, Appellee

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 14-CCV-053717**

---

## MEMORANDUM OPINION

Appellant, Sandra Nze, appeals from the county court's December 12, 2014 judgment affirming the justice court's judgment in a forcible-detainer action and ordering appellant and all other occupants to vacate the subject premises by December 31, 2014. Appellant did not file a supersedeas bond and appellee

subsequently took possession of the premises at issue pursuant to a writ of possession executed on June 22, 2015. Appellee has filed a motion to dismiss the appeal as moot on the basis that appellant is no longer in possession of the premises at issue. We grant appellee's motion and dismiss the appeal as moot.

An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (citation omitted). Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *Id.* (citing TEX. PROP. CODE ANN. § 24.008 (West Supp. 2015) (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profits")); *see also* TEX. R. CIV. P. 510.3(e) (stating that the only issue before a justice court in eviction cases is "right to actual possession and not title"). Accordingly, the only issue in a forcible detainer action is the right to possession of the premises. *See Geters v. Baytown Hous. Auth.*, 430 S.W.3d 578, 582 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Because the only issue in a forcible detainer action is the right to possession of the premises, an appeal in a forcible detainer action becomes moot when the appellant ceases to have actual possession of the property, unless the appellant has a potentially meritorious claim of right to current, actual possession. *See Marshall*,

2

198 S.W.3d at 787 (holding appeal in forcible detainer action was moot because lease had expired and tenant presented no basis for claiming right to possession after expiration date); *Geters*, 430 S.W.3d at 582. We lack jurisdiction to entertain moot controversies. *See Geters*, 430 S.W.3d at 582.

The record demonstrates that appellant did not supersede the judgment, a writ of possession has been executed, and appellant no longer has possession of the property at issue in the underlying forcible detainer action. Accordingly, we grant the motion to dismiss the appeal for want of jurisdiction because the appeal is moot. *See* TEX. R. APP. P. 42.3(a); *Bey v. ASD Fin., Inc*., No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue); *McDonald v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00770-CV, 2014 WL 1433061, at *1 (Tex. App.—Austin Apr. 10, 2014, no pet.) (same). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Brown.