

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00146-CV

Hari Prasad **KALAKONDA** and Latha **KALAKONDA**,
Appellants

v.

**SUSSER PETROLEUM OPERATING COMPANY, LLC**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-01790
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  April 20, 2016

MOTION TO DISMISS GRANTED; APPEAL DISMISSED FOR WANT OF JURISDICTION

This is an interlocutory appeal from a trial court's order denying a temporary and permanent injunction. Appellants Hari Prasad Kalakonda and Latha Kalakonda (collectively, "the Kalakondas") sought to enjoin an arbitration proceeding that was ordered by a Nueces County trial court. However, because the ordered arbitration proceeding has occurred, we conclude the appeal is moot. Accordingly, we grant appellee Susser Petroleum Operating Company's ("Susser") motion to dismiss and dismiss this appeal for want of jurisdiction.

The Kalakondas filed suit in Bexar County against Susser, seeking temporary and permanent injunctive relief to stay an arbitration proceeding ordered to occur on March 25, 2016 in Harris County, Texas by a Nueces County trial court. The trial court denied the Kalakondas' request for temporary and permanent injunctive relief. Thereafter, the Kalakondas filed a notice of appeal and motion for emergency relief in this court, seeking to overturn the trial court's order and stay the arbitration proceeding.

In their motion for emergency relief, the Kalakondas argued they are not parties to a fuel supply agreement containing the disputed arbitration provision, and therefore, they are not bound to arbitrate. After reviewing the motion — which revealed a Nueces County trial court originally ordered this matter to arbitration and the Thirteenth Court of Appeals affirmed that decision — we denied the Kalakondas' request for emergency relief. It is undisputed the contested arbitration proceeding took place as ordered on March 25, 2016 in Harris County, and the Kalakondas chose not to attend. Thereafter, Susser filed a motion to dismiss the Kalakondas' appeal in this court, arguing the appeal is moot because the ordered arbitration proceeding the Kalakondas sought to enjoin has taken place. Therefore, according to Susser, there is no longer a justiciable controversy between the parties.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005); *see Heckman v. Williamson County*, 369 S.W.3d 137, 166 (Tex. 2012) (holding that case can become moot at any time, including on appeal). This court has stated that "an appellate issue is moot if either party is seeking judgment on a controversy that does not really exist or a party seeks a judgment, which when rendered for any reason, cannot have any practical legal effect." *Ibarra v. City of Laredo*, Nos. 04-11-00035-CV & 04-11-00037-CV, 2012 WL 3025709, at * 2 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.). "If an appeal is

moot, we must dismiss the case" because we lack jurisdiction to entertain moot controversies. *Id.*; *see Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010); *Geters v. Baytown Housing Authority*, 430 S.W.3d 578, 582 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Courts have an obligation to take into account intervening events that may render an appeal moot. *Heckman*, 369 S.W.3d at 166–67.

Here, the only issue on appeal is whether the trial court erred in denying the Kalakondas' request for injunctive relief with regard to enjoining the ordered arbitration proceeding. As noted, that proceeding has taken place. *See Heckman*, 369 S.W.3d at 166–67. Thus, if we were to find the trial court erred in denying the request for temporary and permanent injunctive relief, it would not have any legal effect given that the arbitration proceeding has already occurred. *See Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737; *Ibarra*, 2012 WL 3025709, at * 2.

The Kalakondas, however, argue their appeal is not moot because if we had granted their motion for emergency relief in the first instance, the arbitration would not have taken place, allowing this court to consider their underlying argument as to the propriety of the arbitration. The Kalakondas also contend their appeal is not moot because they did not attend the arbitration. The Kalakondas are essentially asking us to revisit issues determined by a Nueces County trial court and affirmed by our sister court, the Thirteenth Court of Appeals. However, the only matter on appeal in this court concerns the Kalakondas' request for temporary and permanent injunctive relief, which sought to enjoin an arbitration proceeding that was ordered by a Nueces County trial court and has now occurred. Accordingly, we conclude the Kalakondas' appeal of the trial court's order denying injunctive relief is moot. *See Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737; *Ibarra*, 2012 WL 3025709, at * 2. Therefore, we grant Susser's motion to dismiss and dismiss the appeal for want of jurisdiction. *See Klein*, 315 S.W.3d at 3; *Geters*, 430 S.W.3d at 582.

PER CURIAM