

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00146-CV

Hari Prasad **KALAKONDA** and Latha **KALAKONDA**,
Appellants

v.

**SUSSER PETROLEUM OPERATING COMPANY, LLC**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-01790
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:    Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  June 22, 2016

MOTION TO DISMISS GRANTED; APPEAL DISMISSED FOR WANT OF JURISDICTION

On April 20, 2016, the court issued its opinion and judgment in this appeal. Although a motion for en banc rehearing is pending, the panel, on its own motion, withdraws its opinion and judgment of April 20, 2016 and substitutes this opinion and order instead.[1]

This is an interlocutory appeal from a trial court's order denying a temporary and permanent injunction. Appellants Hari Prasad Kalakonda and Latha Kalakonda (collectively, "the

---

[1] This opinion corrects the fact that the arbitration was not ordered by the Nueces County district court, but rather the parties essentially agreed to arbitrate.

Kalakondas") sought to enjoin an arbitration proceeding. However, because the arbitration proceeding has occurred, we conclude the appeal is moot. Accordingly, we grant appellee Susser Petroleum Operating Company's ("Susser") motion to dismiss and dismiss this appeal for want of jurisdiction.

The Kalakondas filed suit in Bexar County against Susser, seeking temporary and permanent injunctive relief to stay an arbitration proceeding ordered to occur on March 25, 2016 in Harris County, Texas.[2] The trial court denied the Kalakondas' request for temporary and permanent injunctive relief. Thereafter, the Kalakondas filed a notice of appeal and motion for emergency relief in this court, seeking to overturn the trial court's order and stay the arbitration proceeding.

In their motion for emergency relief, the Kalakondas argued they are not parties to a fuel supply agreement containing the disputed arbitration provision, and therefore, they are not bound to arbitrate. After reviewing the motion — which revealed the underlying matter arises out of Nueces County and the parties ultimately agreed to arbitrate — we denied the Kalakondas' request for emergency relief. It is undisputed that the contested arbitration proceeding took place on March 25, 2016 in Harris County, and the Kalakondas chose not to attend. Thereafter, Susser filed a motion to dismiss the Kalakondas' appeal in this court, arguing the appeal is moot because the arbitration proceeding the Kalakondas sought to enjoin has taken place. Therefore, according to Susser, there is no longer a justiciable controversy between the parties.

---

[2] The underlying proceeding arises out of Nueces County. Originally, Susser filed a lawsuit against the Kalakondas in Nueces County district court. The Kalakondas then filed a motion to compel arbitration, which was denied by the Nueces County district court. Thereafter, the Kalakondas filed a mandamus in the Thirteenth Court of Appeals, seeking mandamus relief and to stay further proceedings. Susser ultimately agreed to arbitrate, and as a result, the Thirteenth Court of Appeals dismissed the pending mandamus as moot. The parties then proceeded to arbitration.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005); *see Heckman v. Williamson County*, 369 S.W.3d 137, 166 (Tex. 2012) (holding that case can become moot at any time, including on appeal). This court has stated that "an appellate issue is moot if either party is seeking judgment on a controversy that does not really exist or a party seeks a judgment, which when rendered for any reason, cannot have any practical legal effect." *Ibarra v. City of Laredo*, Nos. 04-11-00035-CV & 04-11-00037-CV, 2012 WL 3025709, at *2 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.). "If an appeal is moot, we must dismiss the case" because we lack jurisdiction to entertain moot controversies. *Id.*; *see Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010); *Geters v. Baytown Housing Authority*, 430 S.W.3d 578, 582 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Courts have an obligation to take into account intervening events that may render an appeal moot. *Heckman*, 369 S.W.3d at 166–67.

Here, the only issue on appeal before this court is whether the trial court erred in denying the Kalakondas' request for injunctive relief with regard to enjoining the arbitration proceeding. As noted, that proceeding has taken place. *See Heckman*, 369 S.W.3d at 166–67. Thus, if we were to find the trial court erred in denying the request for temporary and permanent injunctive relief, it would not have any legal effect given that the arbitration proceeding has already occurred. *See Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737; *Ibarra*, 2012 WL 3025709, at *2.

The Kalakondas, however, argue their appeal is not moot because if we had granted their motion for emergency relief in the first instance, the arbitration would not have taken place, allowing this court to consider their underlying argument as to the propriety of the arbitration. The Kalakondas also contend their appeal is not moot because they did not attend the arbitration. The Kalakondas are essentially asking us to visit issues that must be determined by the Nueces County

trial court as the underlying dispute arises out of a lawsuit filed by Susser in Nueces County. The only matter on appeal in this court concerns the Kalakondas' request for temporary and permanent injunctive relief, which sought to enjoin an arbitration proceeding that has already occurred. Accordingly, we conclude the Kalakondas' appeal of the trial court's order denying injunctive relief is moot. *See Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737; *Ibarra*, 2012 WL 3025709, at \*2. Therefore, we grant Susser's motion to dismiss and dismiss the appeal for want of jurisdiction. *See Klein*, 315 S.W.3d at 3; *Geters*, 430 S.W.3d at 582.

PER CURIAM