**Motion Granted; Dismissed and Memorandum Opinion filed April 30, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00057-CV

_____

**NATALIE Y. MOORE, Appellant**

**V.**

**MARIA BENITEZ, Appellee**

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1146033**

## MEMORANDUM OPINION

In this forcible detainer action, appellee has moved to dismiss the appeal for lack of jurisdiction on the ground that the appeal has become moot. We requested a response from appellant to appellee's motion to dismiss. Appellant failed to respond.

An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).

Judgment in a forcible detainer case is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *Id.* (citing Tex. Prop. Code Ann. § 24.008)). The only issue in a forcible detainer action is the right to possession of the property. *Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

The question in a mootness analysis in a forcible detainer action is not whether the appellant has moved off the premises, but whether she asserted a potentially meritorious claim for current possession. *Compare Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (potentially meritorious claim for current possession asserted, so appeal was not moot), and *Geters v. Baytown Housing Authority*, 430 S.W.3d 578, 582–83 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same) *with Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812–13 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (no potentially meritorious claim for current possession asserted, so appeal was moot). Appellant did not file a response asserting a potentially meritorious claim for current possession of the property. Accordingly, the appeal is moot.

## Conclusion

We grant appellee's motion to dismiss and dismiss the appeal for mootness.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.