**Motions Dismissed; Appeal Dismissed and Memorandum Opinion filed June 18, 2024**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-22-00658-CV

---

### MARQUIEUS  T. GRADNEY, Appellant

### V.

### KARLA R. CONTRERAS C/O THE CONTRERAS GROUP, Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1184811**

---

### MEMORANDUM  OPINION

In this appeal from a forcible detainer action, appellant appeals the trial court's judgment awarding possession. Since the time that appellant filed his notice of appeal, the writ of possession has been executed and appellant is no longer in possession of the property in dispute. Appellant, proceeding pro se, requests that we dismiss this appeal because he has vacated the premises. Appellant has filed numerous motions with this court. It appears appellant further requests that the

underlying judgment be vacated. We agree the appeal is moot and order the judgment of the trial court vacated. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (concluding that forcible detainer appeal was moot and that the court of appeals erred in dismissing on the appeal and leaving the trial court's judgment in place).

An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Id*. Judgment in a forcible detainer case is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *Id.* (citing Tex. Prop. Code Ann. § 24.008)). The only issue in a forcible detainer action is the right to possession of the property. *Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

The question in the mootness analysis in a forcible detainer action is not whether the appellant has moved off the premises, but whether she asserted a potentially meritorious claim for current possession. *Compare Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (potentially meritorious claim for current possession asserted, so appeal was not moot), and *Geters v. Baytown Housing Authority*, 430 S.W.3d 578, 582–83 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same) *with Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812–13 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (no potentially meritorious claim for current possession asserted, so appeal was moot). In his motion to dismiss, appellant does not assert a right to possession, instead argues for the appeal to be dismissed because the home in which appellant resided on the premises has been torn down. On August 28, 2023, we informed appellant that the appeal was subject to dismissal for want of jurisdiction unless a response was filed. Appellant responded that he has "no issue

dismissing the case; as long as you all dismiss this case in its entirety." Under *Marshall*, we hold the appeal is moot and the trial court's judgment must be vacated. The appeal is dismissed, and all pending motions are dismissed as moot.

PER CURIAM

Panel Consists of Justices Wise, Bourliot, and Wilson.