

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00288-CV

**HOUSING AUTHORITY OF THE CITY OF SAN ANTONIO**,
Appellant

v.

Zacherie **ZAMBRANO** and Sadie Dorado,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2023CV05030
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:         Irene Rios, Justice
                 Lori Massey Brissette, Justice
                 H. Todd McCray, Justice

Delivered and Filed: July 23, 2025

VACATED

In this forcible detainer case, appellant Housing Authority of the City of San Antonio ("SAHA") appeals the trial court's take-nothing judgment in favor of appellee Zacherie Zambrano. In its first issue, SAHA argues this appeal is moot because Zambrano does not have a potentially meritorious claim of right to current, actual possession of the property. In its second issue, SAHA argues that even if the issue of possession is not moot, the trial court erred when it determined Zambrano was entitled to thirty-days' notice of eviction under the Coronavirus Aid, Relief, and

Economic Security ("CARES") Act because: (1) Zambrano's criminal activity on the premises led to the eviction; and (2) the act was not in effect when Zambrano was evicted. Because we determine the appeal is moot, we vacate the trial court's judgment.

## BACKGROUND

In March 2022, Zambrano leased an apartment unit in Cassiano Homes, a government-subsidized public housing complex operated by SAHA. On June 27, 2023, SAHA sent Zambrano a notice that it intended to terminate his lease in three days because he violated the lease terms when he allegedly assaulted another tenant. The notice warned that SAHA would file a forcible detainer suit if Zambrano failed to vacate the apartment within three days. On July 14, 2023, SAHA filed a forcible detainer suit. The justice court granted the forcible detainer on August 2, 2023, and Zambrano appealed to the county court at law.[1]

Zambrano subsequently filed a motion for summary judgment claiming he was entitled to thirty-days' notice to vacate the apartment under the CARES Act. Zambrano contended that SAHA's failure to provide him the requisite notice entitled him to judgment as a matter of law. Sometime in late August 2023, and while Zambrano's motion for summary judgment was pending, SAHA discovered Zambrano had abandoned the apartment. According to SAHA, the apartment remained vacant for ninety days. Thereafter, SAHA leased the apartment to a new tenant.[2]

On January 22, 2024, the trial court granted Zambrano's motion for summary judgment, determining the CARES Act required SAHA to give Zambrano thirty-days' notice to vacate before it could pursue a forcible detainer action and that the summary judgment evidence conclusively showed that SAHA failed to give the requisite notice. SAHA appeals.

---

[1] We refer to the county court at law as "the trial court."
[2] The record contains an affidavit from the assistant manager for Cassiano Homes averring that the apartment was declared abandoned in August 2023 and relet to new tenants in November 2023.

**Mootness**

Because mootness implicates our jurisdiction, we must first address SAHA's contention that this appeal is moot.

"[A] court cannot decide a case that has become moot during the pendency of the litigation." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Generally, an appeal is moot when the court's actions on the merits cannot affect the parties' rights or interests. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018).

The only issue in a forcible detainer action is the right to actual possession of the property. TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. Usually, if a tenant vacates or abandons the property voluntarily, the tenant's appeal becomes moot because the court can no longer grant actual relief. *Id*. "The rule is intended to prevent a party who voluntarily satisfies a judgment from later changing his or her mind and appealing." *Id.* Although a tenant's relinquishment of possession does not automatically divest a forcible detainer defendant's right to appeal, "it may moot the appeal such that this court is divested of its jurisdiction." *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Marshall*, 198 S.W.3d at 786–87).

Giving up possession of property does not moot a forcible detainer appeal so long as the tenant timely and clearly expresses an intent to exercise the right of appeal and appellate relief is not futile. *Marshall*, 198 S.W.3d at 787. Appellate relief is not futile so long as the tenant holds

and asserts a potentially meritorious claim of right to current, actual possession of the property at issue. *Id.* On the other hand, the appeal is moot if no potentially meritorious claim of right to current, actual possession of the property exists. *Id.*; *see also De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *1 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.) (holding the case was moot because appellee's lease was terminated, eliminating her claim of right to current possession of the apartment).

Here, the first requirement—a timely and clear expression of intent to exercise the right of appeal—is not at issue.[3] Thus, we must decide if appellate relief is futile by determining whether Zambrano holds and asserts a potentially meritorious claim of right to current, actual possession of the apartment. Although the lease was not executed until March 2022, the portion of the lease within the appellate record states the effective date of the lease is January 1, 2022. It also provides that "[t]he term of this lease will be one calendar year, renewed as stipulated in Part II of the Lease." We are unable to review the terms of part II of the lease because it is not contained within the appellate record.

Nevertheless, Zambrano argues federal statutes and regulations mandate that a public housing authority lease contain certain provisions for automatic renewal. *See* 42 U.S.C. § 1437d(l)(1) ("Each public housing agency shall utilize leases which . . . have a term of 12 months and shall be automatically renewed . . . ."); 24 C.F.R. § 966.4(a)(2)(i) ("The lease shall have a twelve month term [and except for failure to comply with resident community service or an economic self-sufficiency program requirement] must be automatically renewed for the same period."); *see also see also Geters v. Baytown Hous. Auth.*, 430 S.W.3d 578, 582 (Tex. App.— Houston [14th Dist.] 2014, no pet.) ("The applicable federal statute and regulations mandate that

---

[3] Because Zambrano prevailed in the trial court, he did not need to appeal the trial court's judgment.

public housing authority leases contain provisions for automatic renewal."); *Heinert v. Wichita Falls Hous. Auth.*, 441 S.W.3d 810, 816–17 (Tex. App.—Amarillo 2014, no pet.). We recognize that leases in public housing are automatically renewed on an annual basis and cannot be terminated by a public housing agency except for serious or repeated violations of the terms or conditions of the lease or for other good cause. *Sager v. Hous. Comm'n of Anne Arundel County*, 855 F. Supp. 2d 524, 531 (D. Md. 2012).

Zambrano argues he has a potentially meritorious claim of right to current, actual possession of the apartment through the automatic renewal requirement of his public housing lease. *See Heinert*, 441 S.W.2d at 817. Zambrano relies on two cases from the Fourteenth Court of Appeals in Houston to support his assertion. *See Geters*, 430 S.W.3d at 582–83; *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.). In both cases, the reviewing courts determined the automatic renewal provision of HUD-subsidized leases confers a continuing right of possession of the apartments when the public housing authority improperly terminated the respective tenants' leases and evicted them. *Geters*, 430 S.W.3d at 582–83; *Kennedy*, 203 S.W.3d at 497.

In *Geters*, the tenant was evicted from a public housing complex for allegedly violating the terms of her lease. *Geters*, 430 S.W.3d at 581. Baytown Housing Authority argued the appeal was moot because the tenant's lease expired. *Id.* at 581–82. The reviewing court determined the automatic renewal provision prevented the appeal from becoming moot because Baytown Housing Authority did not terminate the lease for serious or repeated violations of the lease or for good cause and, thus, did not terminate the automatic renewal provision. *Id.* at 583. It appears the *Geters* court concluded the automatic renewal provision of her public housing lease survived the improper

eviction and conferred a meritorious claim of right to continuing possession of the property. *Id*.

In *Kennedy*, the tenant was evicted for allegedly violating the terms of her lease. *Kennedy*, 203 S.W.3d at 496. The reviewing court determined that a HUD-subsidized lease has a provision for automatic renewal and that these leases can only be terminated for good cause. *Id*. at 497. The court further reasoned that the housing authority failed to present evidence of good cause for terminating Kennedy's lease. *Id*. Therefore, the *Kennedy* court concluded the tenant had a potentially meritorious claim of right to possession through the automatic renewal of the lease. *Id*.

While the lease in question here is arguably subject to the automatic renewal provision of HUD-subsidized units, *Geters* and *Kennedy* are distinguishable for one fatal reason: the tenants in those cases did not voluntarily abandon the property they were leasing; instead, they were improperly evicted from the property at issue. Here, in contrast, Zambrano no longer has possession of the apartment because he voluntarily vacated it before SAHA ever executed a writ of possession. Thus, Zambrano voluntarily satisfied the only relief SAHA sought in this forcible detainer suit—possession of the apartment. *See Marshall*, 198 S.W.3d at 787 ("Usually, when a judgment debtor voluntarily satisfies the judgment, the case becomes moot[,] and the debtor waives any right to appeal."); *Kirkland v. V & S Total Trade, LLC*, Nos. 04-22-00409-CV, 04-22-00410-CV, 2024 WL 2947292, at *5 (Tex. App.—San Antonio June 12, 2024, no pet.) (mem. op.) ("The purpose of the forcible detainer suit was fulfilled, and the judgment voluntarily satisfied, when [the tenant] failed to post a supersedeas bond and relinquished possession of the property."). Zambrano argues the automatic-renewal provision of his lease grants him a potentially meritorious claim of right to current, actual possession of the apartment. But this provision can at best be described as a claim for *future* possession that must be first premised on a right to current, actual possession of the apartment based on an active lease. Zambrano's voluntary abandonment of the

apartment was a relinquishment of any potentially meritorious right of claim to current, actual possession or any potentially meritorious right to possession he may have had through the automatic-renewal provision in his public housing lease. It would be nonsensical for us to hold that a tenant who has repudiated the lease by voluntarily abandoning the apartment nevertheless retains the rights of automatic renewal provisions within the very lease that was repudiated. *Briones v. Brazos Bend Villa Apts.,* 438 S.W.3d 808, 812–13 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding termination of a lease on unchallenged ground also terminated automatic renewal clause that may have otherwise provided a claim to current, actual possession); *Marshall*, 198 S.W.3d at 785, 787. Because Zambrano had already abandoned the unit, SAHA never executed a writ of possession, never evicted Zambrano, and never interfered with his possession of the unit. It was not SAHA's actions that forced Zambrano out of the apartment; instead, Zambrano voluntarily relinquished possession when he abandoned the apartment on August 28, 2023.

Moreover, the record reflects that the apartment remained vacant for ninety days after Zambrano relinquished possession and until SAHA leased the abandoned apartment to new tenants in November 2023. Even if the trial court, and we upon appellate review, determined Zambrano failed to receive proper notice to vacate and was wrongfully evicted, a judgment from this court would not entitle him to retake possession of the apartment from the new tenants. *See, e.g.*, *Bankr. Est. of Wilson v. Petty*, No. 05-06-01502-CV, 2008 WL 2068063, at \*4 (Tex. App.—Dallas May 16, 2008, no pet.) (mem. op.).

On this record, the issue of possession became moot when Zambrano voluntarily relinquished possession of the apartment in August 2023. *Marshall*, 198 S.W.3d at 787; *see also Pierson v. Reynolds*, No. 14-06-01023-CV, 2007 WL 2447550, at \*1–2 (Tex. App.—Houston

[14th Dist.] Aug. 30, 2007, no pet.) (mem. op.) ("Thus, because Pierson has vacated the premises and has no bases on which to assert a current right to possession, this appeal of the forcible detainer action has been rendered moot."). Because we lack jurisdiction to decide moot controversies, we must vacate the trial court's judgment and dismiss this appeal. Therefore, we do not reach Zambrano's other issues on appeal.

## CONCLUSION

Zambrano's appeal is moot as to the issue of possession. Accordingly, we vacate the trial court's take-nothing judgment. *See Marshall*, 198 S.W.3d at 785 ("We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place."); *see also Devilbliss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2–3 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.) (vacating the trial court's judgment when the issue of possession is moot in a forcible detainer appeal).

Irene Rios, Justice