**Appeal Dismissed in Part, Judgment Reversed and Rendered in Part, and Opinion filed July 1, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-01125-CV

---

### JESSICA BRIONES, Appellant

### V.

### BRAZOS BEND VILLA APARTMENTS, Appellee

---

**On Appeal from the County Court at Law No 1
Fort Bend County, Texas
Trial Court Cause No. 12-CCV-048549**

---

## O P I N I O N

Appellant, Jessica Briones, appeals a forcible detainer judgment awarding appellee, Brazos Bend Villa Apartments ("Brazos Bend"), possession of the premises at issue, attorney's fees, and court costs. Briones contends Brazos Bend presented no evidence that (1) it provided the requisite statutory notice to vacate before filing the forcible detainer action, and (2) it was eligible to recover

attorney's fees. As a preliminary matter, the parties dispute whether this appeal is moot because Briones no longer possesses the premises.

We conclude the appeal is moot only with respect to the award of possession. Accordingly, we dismiss for lack of appellate jurisdiction Briones's challenge to that portion of the judgment. We conclude the appeal is not moot relative to the award of attorney's fees and court costs, Brazos Bend failed to provide the statutorily-required notice to vacate, and thus the trial court erred by awarding attorney's fees and court costs. Accordingly, we reverse the portion of the judgment awarding Brazos Bend its attorney's fees and court costs and render judgment that it take nothing on its request for attorney's fees and court costs.

## I. BACKGROUND

During relevant times, Brazos Bend operated an apartment complex. Briones was a tenant pursuant to a written "Model Lease for Subsidized Programs," under which her rent was subsidized by the Department of Housing and Urban Development ("HUD"). Briones has occupied the premises since January 2007, but her most recent lease was dated July 1, 2011. The initial term under that lease was to expire June 30, 2012. However, the lease provided that it would continue thereafter for successive month-to-month terms unless terminated as permitted by its provisions.

The lease provided that any termination of the agreement by Brazos Bend "must be carried out in accordance with HUD regulations, State and local law, and the terms of" the lease. The lease then set forth various grounds under which Brazos Bend was entitled to terminate the agreement, including if Briones engaged in "drug related criminal activity" on the premises. Brazos Bend was required to give Briones written notice of any proposed termination, specifying, inter alia, (1) the date the lease will be terminated, (2) the grounds for termination with enough

2

detail for her to prepare a defense, and (3) that she has "10 days within which to discuss the proposed termination with" Brazos Bend.

On April 30, 2012, Brazos Bend gave Briones, by certified mail and hand delivery, a "Notice of Proposed Termination of Occupancy." In the notice, Brazos Bend (1) stated it was terminating Briones's right to occupancy and possession, effective May 1, 2012, based on several grounds, including that marijuana was found in her apartment, (2) advised Briones of her right to meet with the manager within ten days to discuss the proposed termination, and (3) demanded she vacate the premises by June 1, 2012 or be subject to legal action. Briones did not vacate by that date.

On June 6, 2012, Brazos Bend filed a forcible detainer action in a justice court, which granted the requested relief. Briones then appealed to a county court at law—the underlying trial court in the present case. The trial court conducted a bench trial *de novo*. Brazos Bend presented evidence that Briones possessed marijuana on the premises shortly before Brazos Bend gave the above-referenced notice—the sole ground for termination on which Brazos Bend relied at trial. At the close of trial, Brazos Bend non-suited any claim for unpaid rent and sought only possession and attorney's fees. On September 14, 2012, the trial court signed a judgment (1) awarding Brazos Bend possession of the premises, (2) ordering that Brazos Bend was entitled to a writ of possession, and (3) awarding Brazos Bend attorney's fees of $2,950 through trial, plus $10,000 and $15,000 for the respective stages of an appeal, and court costs.

Briones did not file a supersedeas bond to suspend enforcement of the judgment. Before she filed this appeal, the writ of possession was executed, placing Brazos Bend in possession of the premises.

3

## II. ANALYSIS

"A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession." Tex. Prop. Code Ann. § 24.002(a)(1) (West 2000). "The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for a notice to vacate under [Property Code] Section 24.005." *Id.* § 24.002(b) (West 2000). Section 24.005 provides, in pertinent part:

> (a) If the occupant is a tenant under a written lease . . ., the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.

*Id.* § 24.005(a) (West Supp. 2013). Further, a landlord who prevails in a forcible detainer action may recover attorney's fees if certain requisites are satisfied. *See id.* § 24.006(a), (b) (West 2000). Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements. *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

In her two appellate issues, Briones contends Brazos Bend presented no evidence that (1) it provided the notice to vacate required under section 24.005(a) before filing the forcible detainer action, and (2) it was eligible to recover attorney's fees under section 24.006.

4

## A. Preliminary Mootness Issue

We first address the parties' dispute on whether Briones's appeal from the award of possession is moot because she did not supersede the judgment and is no longer in possession of the premises.

Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *In re H & R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). A case becomes moot if at any stage there ceases to be an actual controversy between the parties. *Nat'l Collegiate Athletic Ass'n*, 1 S.W.3d at 86.

A forcible detainer judgment may not be stayed pending appeal and a writ of possession may be executed unless the defendant timely files a supersedeas bond. *See* Tex. Prop. Code Ann. § 24.007(a) (West Supp. 2013); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006); *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Failure to supersede a forcible detainer judgment does not divest a defendant of the right to appeal. *Marshall*, 198 S.W.3d at 786–87; *Wilhelm*, 349 S.W.3d at 768. However, an appeal from a forcible detainer judgment becomes moot if the defendant is no longer in possession of the property, unless she holds and asserts "a potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

Briones contends that, although she no longer possesses the premises, she holds and asserts "a potentially meritorious claim of right to current, actual possession." She relies on the clause in the lease providing it would automatically renew for month-to-month terms after expiration of the initial term unless terminated in accordance with its provisions. According to Briones, pursuant to

5

the automatic-renewal clause, she has a right to current possession although the initial lease term expired June 30, 2012 (before the forcible detainer judgment). *See Kennedy*, 203 S.W.3d at 497 (recognizing landlord may terminate standard HUD-subsidized lease for various reasons constituting good cause but may not terminate solely based on expiration of lease term because tenant has right to continue lease month-to-month after expiration of initial term).

Brazos Bend contends the automatic renewal clause cannot give Briones a right to current possession because the lease **was** terminated in accordance with its provisions. At trial, Brazos Bend presented evidence of a ground to terminate the lease before expiration of the initial term because Briones possessed marijuana on the premises. Brazos Bend also presented the "Notice of Proposed Termination of Occupancy" to demonstrate that it gave the notice of termination required under the lease. On appeal, Briones does not challenge whether the evidence supported the ground for termination, nor does she dispute that Brazos Bend gave the notice of termination required under the lease. Therefore, we must treat the lease as terminated in accordance with its provisions.

Briones contends only that Brazos Bend failed to provide the requisite **statutory** notice to vacate before filing the forcible detainer action. The statutory notice to vacate is not a step for terminating the lease. Instead, the statutory notice to vacate is a separate notice required for obtaining possession of the premises via forcible detainer once the lease has been terminated. *See* Tex. Prop. Code Ann. § 24.005(a). Specifically, the statute requires the landlord to give the notice to vacate to "a tenant who defaults or holds over **beyond the end of the rental term** . . . ." *See id.* (emphasis added); *see also* Tex. Prop. Code Ann. § 24.002(a)(1) (defining forcible detainer, in part, as "holding over **after the termination** of the defendant's right to possession" (emphasis added)).

6

Consequently, any failure to give the statutory notice to vacate before filing the forcible detainer action affected only whether Brazos Bend was entitled to obtain possession of the premises after the lease was terminated—not whether the lease was properly terminated. Because we must treat the lease as properly terminated, Briones has no right to current possession under the automatic renewal clause. Thus, her complaint about lack of the statutory notice became moot as to the possession issue once she vacated.

Briones cites *Kennedy* to support her argument that the possession issue is not moot. In that case, we held that a HUD-subsidized tenant's appeal from a forcible detainer judgment, including the contention she did not receive proper statutory notice to vacate, was not moot, although the initial lease term had expired and she had vacated the premises. *See Kennedy*, 203 S.W.3d at 497. *Kennedy* is distinguishable from the present case because its tenant also challenged on appeal the underlying grounds for termination of the lease. *See id.* at 496. Therefore, she essentially presented a contention that the lease was not properly terminated in the first place. *See id.* at 496–97. Accordingly, pursuant to the automatic-renewal clause, she asserted a right to current possession of the premises. *See id.*

Similarly, after briefing in the present case, our court issued *Geters v. Baytown Housing Authority*, No. 14-13-00045-CV, — S.W.3d —, 2014 WL 1711223 (Tex. App.—Houston [14th Dist.] Apr. 30, 2014, no pet. h.). Again, we held that a HUD-subsidized tenant's appeal from a forcible detainer judgment, including the contention she did not receive proper statutory notice to vacate, was not moot, although the initial lease term had expired and she had vacated the premises. *Id.* at *2–3. However, *Geters* is also distinguishable from the present case because that tenant also challenged whether the landlord gave the notice of the grounds for termination required under the lease. *See id.* at *2 n.6. Accordingly,

7

pursuant to the right to automatic renewal, she asserted a claim to current possession of the premises by effectively contending the lease was not properly terminated in the first place. *See id.*

In summary, Briones does not hold and assert "a potentially meritorious claim of right to current, actual possession." Therefore, her appeal is moot as to the portion of the judgment awarding possession of the premises to Brazos Bend.

**B.    Issue Regarding Notice to Vacate Relative to Award of Attorney's Fees**

Briones's challenge to the award of attorney's fees is not moot. Although she no longer possesses the premises, a judgment remains in place requiring her to pay Brazos Bend's attorney's fees. *See Daftary v. Prestonwood Market Square, Ltd.*, 399 S.W.3d 708, 711–12 (Tex. App.—Dallas 2013, pet. denied) (concluding that although issue of possession in appeal from forcible detainer judgment became moot when tenant vacated, challenge to award of attorney's fees remained live controversy). Only a "prevailing" landlord is entitled to recover attorney's fees in a forcible detainer action. *See* Tex. Prop. Code Ann. § 24.006(b). Therefore, Briones's contention that there is no evidence she received the statutory notice to vacate remains live with respect to whether Brazos Bend was properly considered a "prevailing" landlord for purposes of recovering attorney's fees.

In the judgment, the trial court recited, inter alia, the following finding: "Brazos Bend made written demand upon [Briones] and all occupants of the Leased Premises to vacate same, which demand was received by [Briones] as required by law." We may consider the recitations in the judgment as findings of fact because they were not supplanted by separately filed findings. *See In re C.A.B.*, 289 S.W.3d 874, 881 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

We review sufficiency of the evidence to support a trial court's findings of fact under the same standards applicable to review of a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When examining a "no evidence" or legal-sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. The evidence is legally sufficient if it would enable a reasonable and fair-minded person to reach the verdict under review. *Id.* When, as here, a party challenges legal sufficiency relative to an adverse finding on which she did not bear the burden of proof, she must show that no evidence supports the finding. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011).

At trial, Brazos Bend relied on the "Notice of Proposed Termination of Occupancy" as also the notice to vacate required under section 24.005(a). Citing section 24.005(e), Briones argues the "Notice of Proposed Termination of Occupancy" may not serve as the statutory notice to vacate. Briones maintains that instead Brazos Bend was required to wait until expiration of the period for her to respond to the "Notice of Proposed Termination of Occupancy" before giving the statutory notice to vacate. We agree.

Section 24.005(e) provides,

> If the lease or applicable law requires the landlord to give a tenant an opportunity to respond to a notice of proposed eviction, a notice to vacate may not be given until the period provided for the tenant to respond to the eviction notice has expired.

Tex. Prop. Code Ann. § 24.005(e) (West Supp. 2013).

9

The lease required Brazos Bend to give Briones "10 days within which to discuss the proposed termination with" Brazos Bend. In the "Notice of Proposed Termination of Occupancy," Brazos Bend advised Briones it was terminating her lease the next day but also gave her ten days within which to discuss the proposed termination with the property manager. Therefore, the "Notice of Proposed Termination of Occupancy" cannot constitute the notice to vacate required **after** expiration of the ten-day period. *See id.* Rather, Brazos Bend was required to provide a separate, later notice to vacate. *See id.* In the "Notice of Proposed Termination of Occupancy," Brazos Bend demanded that Briones vacate within thirty days, but there is no evidence Brazos Bend provided a separate, later notice. Accordingly, there is no evidence Brazos Bend complied with section 24.005.

We reached the same conclusion in both *Kennedy* and *Geters*. The *Kennedy* lease allowed the tenant ten days to respond to a termination notice; in the notice, the landlord gave the tenant ten days within which to discuss the termination with the landlord. *Kennedy*, 203 S.W.3d at 496–98. The *Geters* lease allowed the tenant an opportunity to respond to a termination notice and request a hearing but did not specify a time period; however, in the termination notice, the landlord gave the tenant ten days in which to request a hearing. *Geters*, 2014 WL 1711223, at *5. Neither landlord provided a separate notice to vacate after the time period to respond/request a hearing had passed. *Id.* at *1–2, 5; *Kennedy*, 203 S.W.3d at 498. In both cases, we held that the landlord failed to comply with section 24.005 because, a separate notice to vacate was required once the period in which to respond had expired. *Geters*, 2014 WL 1711223, at *5; *Kennedy*, 203 S.W.3d at 498.

Brazos Bend argues that Briones waived her complaint regarding lack of proper notice by failing to object to admission of the "Notice of Proposed

Termination of Occupancy" or otherwise raise the complaint in the trial court. We disagree. Briones does not challenge admission of the "Notice of Proposed Termination of Occupancy." Instead, she contends there is no evidence Brazos Bend provided the separate statutory notice. Consequently, Briones's failure to object to admission of the "Notice of Proposed Termination of Occupancy" does not preclude her from complaining that Brazos Bend did not give the separate statutory notice. Moreover, proper statutory notice is an element of a forcible detainer action. *Fashakin v. Fed. Home Loan. Mortg. Corp.*, No. 14–11–01079–CV, 2013 WL 1316694, at \*2 (Tex. App.—Houston [14th Dist.] April 2, 2013, pet. denied) (mem. op.); *see* Tex. Prop. Code Ann. §§ 24.002, 24.005. In a non-jury case, a challenge to legal sufficiency of the evidence may be made for the first time on appeal. *See* Tex. R. App. P. 33.1(d). Accordingly, Briones may complain for the first time on appeal that there is no evidence to prove this element.

Finally, Brazos Bend contends that any failure to give the statutory notice is harmless error because Briones was not precluded from preparing a defense to the forcible detainer action. We rejected a similar contention in *Geters*, holding that failure to give the statutory notice is not subject to a harm analysis. *See* 2014 WL 1711223, at \*5.

In summary, the evidence is legally insufficient to prove that Brazos Bend gave Briones the statutory notice to vacate. Therefore, Brazos Bend may not be considered a "prevailing" landlord in the forcible-detainer action for purposes of recovering attorney's fees, as well as court costs. Accordingly, we sustain Briones's two issues only to the extent that we conclude the trial court erred by awarding attorney's fees and court costs.

We dismiss for lack of appellate jurisdiction Briones's challenge to the portion of the judgment awarding Brazos Bend possession of the premises. We

11

reverse the portion of the judgment awarding Brazos Bend its attorney's fees and court costs and render judgment that it take nothing on its request for attorney's fees and court costs.



                                        /s/     John Donovan
                                                Justice


Panel consists of Justices Busby, Donovan, and Brown.