

# Fourth Court of Appeals
## San Antonio, Texas

November 27, 2018

No. 04-18-00817-CV

Joseph A. **RAMIREZ** and April M. Ramirez,
Appellants

v.

Rosalinda **HURON**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2018CV06197
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

The clerk's record has been filed. It shows this appeal concerns a forcible detainer action. The appealed judgment orders that appellee recover possession of the property. The clerk's record also shows the trial court issued a writ of possession and denied appellants' motion to post a supersedeas bond because the motion was untimely.

We have a duty to examine our own jurisdiction. Guillen v. U.S. Bank, N.A., 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We lack jurisdiction to decide moot appeals. Briones v. Brazos Bend Villa Apts., 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). An appeal of a judgment of possession in a forcible detainer action becomes moot if the judgment is not timely superseded, the appellant is no longer in possession, and the appellant does not have a potentially meritorious claim of right to current, actual possession. See id.

We therefore ORDER appellants to file a response in this court by **December 17, 2018** showing why this appeal should not be dismissed for want of jurisdiction. A failure to timely respond and show that this court has jurisdiction will result in a dismissal of this appeal. If a supplemental clerk's record is required to demonstrate our jurisdiction, appellant must (a) ask the trial court clerk to prepare the record, and (b) notify this court that such a request was made. We further ORDER the appellate deadlines suspended until further order of this court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of November, 2018.

KEITH E. HOTTLE,
Clerk of Court