**Motion Granted in Part and Denied in Part, Judgment Vacated, Appeal Dismissed, and Memorandum Opinion filed February 12, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00434-CV

---

## IN THE ESTATE OF KIMBERLIE DENISE MENARD, INCAPACITATED

---

**On Appeal from Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 261740-401**

---

## M E M O R A N D U M   O P I N I O N

This is a forcible detainer case. The plaintiff/appellee is the corporate trustee[1] of Kimberlie Denise Menard, an incapacitated adult. The appellant is Jessie Smith, Kimberlie's mother. The Trustee has moved to dismiss the appeal as moot and for damages for a frivolous appeal under Tex. R. App. P. 45. Smith, proceeding pro se on appeal, has responded. We grant the motion to dismiss and deny the request for sanctions.

---

[1] Raymond James Trust, N.A., Corporate Trustee of the Kimberlie Menard Section 142 Self-Settled Special Needs Trust.

## Background

The following facts are taken from the Trustee's motion to dismiss. They appear to be undisputed.

Kimberlie owned a house, and Smith and many of Kimberlie's other relatives were living in the house without paying rent. Because Kimberlie could not live in the house and did not benefit from ownership, her guardian decided to sell the house and use the proceeds for Kimberlie's benefit.

The Trustee began eviction proceedings in Justice Court in November 2016 for possession and unpaid rent. The precise machinations are unclear from the record, but the case was ultimately transferred to and decided by the probate court. Smith did not appear at trial; a family member told the probate court she was hospitalized. Smith did not seek a continuance.

The probate court signed a final judgment on January 29, 2018 ordering Smith and the other occupants to vacate the property. The judgment does not mention the Trustee's claim for unpaid rent; it appears that claim was abandoned. The judgment awards the Trustee "all costs of Court and [5%] post-judgment interest accruing thereon . . . ."

Smith did not move for rehearing or a new trial. Instead, the Trustee says, Smith and the other occupants "voluntarily vacated the Property." The constable who went to the property on March 7, 2018 to serve a writ of possession found the property vacant. The property was then sold and conveyed to a new owner in August 2018. The Trustee attached a copy of the conveyance document (Special Warranty Deed) to its motion to dismiss.

## Analysis

**I.   Dismissal for mootness**

The Trustee contends this case is moot because the only relief Smith seeks—living in the house—has become impossible due to the sale of the house. We agree the appeal is moot, but for a different reason: Smith does not assert any potentially meritorious claim for possession of the property. Under controlling supreme court precedent, it is the claimed right to possession, not actual possession (or lack thereof) that is relevant to the mootness analysis.

*Forcible detainer.* An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Judgment in a forcible detainer case is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *Id.* (citing Tex. Prop. Code Ann. § 24.008)). The only issue in a forcible detainer action is the right to possession of the property. *Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

*Mootness.* *Marshall* is the seminal case on mootness in a forcible detainer action. Marshall leased an apartment in public housing. Following a shooting in her apartment, the housing authority terminated her right to occupy the apartment, then filed a forcible detainer action. 198 S.W.3d at 784. The trial court signed a judgment awarding the housing authority possession, court costs, and post-judgment interest. *Id.* Marshall indicated she would appeal. *Id.* at 784–85. A writ of possession was not executed, but Marshall vacated the apartment. *Id.* at 785. The record did not indicate whether the apartment had been re-let or otherwise occupied following Marshall's departure. *Id.* The court of appeals, apparently sua sponte, concluded the appeal was moot because Marshall relinquished the apartment, which meant the court could not

3

grant "effectual relief." *Id.* The court of appeals did not vacate the trial court's judgment. *Id.*

The supreme court wrote that due to her "timely and clear expression of intent to appeal," Marshall's relinquishment of the apartment alone did not moot her appeal "so long as appellate relief was not futile; that is, so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the apartment." *Id.* at 787. But, the supreme court continued, she did not hold such a claim because her lease had expired (after the trial court's judgment but during the pendency of the appeal) and she did not suggest any other basis to which she might be entitled to possession. *Id.* The forcible detainer portion of her appeal, therefore, was moot. *Id.* Because the appeal was moot, the proper remedy was to dismiss the appeal and vacate the trial court's judgment. *Id.* at 785.

In this appeal, Smith has never claimed a current right to possession. That fact distinguishes this case from the facts of *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.), and *Geters v. Baytown Housing Authority*, 430 S.W.3d 578, 582–83 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Because the appellant in each of those cases asserted a potentially meritorious claim for possession, we concluded the forcible detainer portion of the appeal was not moot. Rather, this case is more like *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812–13 (Tex. App.—Houston [14th Dist.] 2014, no pet.), in which we held the forcible detainer issue was moot because the appellant had no legitimate claim to current possession.

Under *Marshall* and *Briones*, the forcible detainer portion of this appeal is moot not because the house has been sold, as the Trustee contends; in *Marshall* there was no evidence of what happened to the property in question, but the appeal was still moot. Nor is it moot merely because Smith vacated the house, as the *Marshall*

4

court of appeals suggested; Smith's "timely and clear expression of intent to appeal" would keep the controversy live if appellate relief was not futile. The forcible detainer portion of the appeal is moot because Smith has no claim of right to possession of the house.

**Court costs and post-judgment interest.** The Trustee's motion does not mention the other portion of the judgment—the award of court costs and post-judgment interest. Because we are bound to consider our own jurisdiction, we must determine whether that award prevents the appeal from being moot.

*Marshall* holds the trial court's award of court costs and post-judgment interest did not prevent the appeal from being moot. *Id* at 790. The sole issue of court costs might be enough in some instances to keep the controversy alive, the court said, but Marshall's appeal was not such a case:

> We agree with Marshall that in some instances a case is not moot even though the only issue presented relates to court costs. [citations] If the trial court's judgment is vacated as a result of the case being moot, however, either there will be no order assessing costs and each party will be required to pay its own costs under Texas Rule of Civil Procedure 127, or the appellate court will tax costs. Moreover, we conclude that the Housing Authority's seeking dismissal of the case because it is otherwise moot and concurrently asserting that the costs awarded by the trial court are *de minimum* constitute good cause for the Housing Authority to be responsible for its own trial court costs.

*Id.*

Our own court reached a different conclusion on mootness in light of an award of court costs and attorneys' fees in *Briones*. There, the judgment required the appellant to pay statutory attorneys' fees. 438 S.W.3d at 813. The *Briones* court did not mention *Marshall*'s discussion of the impact of an award of court costs on mootness or suggest an award of attorneys' fees was distinguishable from an award of court costs. Instead, *Briones* followed *Kennedy* and *Geters*, both of which

5

involved a similar attorneys' fees award and both of which held the award was improper under the governing statute. *Id.* at 814–15. Rather than vacate the trial court judgment, *Briones* "reverse[d] the portion of the judgment awarding Brazos Bend its attorney's fees and court costs and render[ed] judgment that it take nothing on its request for attorney's fees and court costs." *Id.* at 815.

The costs award in this case appears conceptually identical to that in *Marshall* and distinguishable from that in *Briones* because no attorneys' fees are awarded. For that reason, we believe *Marshall* controls the analysis and disposition of the costs issue. The underlying judgment will be vacated, so there will no longer be a judgment requiring Smith to pay the Trustee's trial court costs or post-judgment interest on those costs.

## II.      Damages for frivolous appeal

The Trustee asks us to order Smith to pay attorneys' fees as a sanction for bringing this frivolous appeal. Attached to the motion is an affidavit stating $3,850 is a reasonable fee in this case.

> Rule 45 of the Texas Rules of Appellate Procedure states:
>
> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Tex. R. App. P. 45. To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (op. on reh'g en banc) ("*Glassman I*").

6

This court rarely awards damages under rule 45. Our decisions in *Glassman I* and its 2017 sequel, *Glassman v. Goodfriend*, 522 S.W.3d 669 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("*Glassman II*"), are notable exceptions. Glassman, a lawyer disbarred in 2013, was a repeat litigant who repeatedly raised the same non-meritorious claims and arguments in probate litigation against her sister. We sanctioned her $2,500 in *Glassman I*. 347 S.W.3d at 783. When she made effectively the same meritless arguments in *Glassman II*, we sanctioned her $10,000. 522 S.W.3d at 673–75.

This case is distinguishable from the *Glassman* cases. First, this is the first time Smith has challenged the underlying judgment, and her appeal was timely. Glassman, by contrast, challenged the underlying judgment by collateral attack five years late. Second, Smith had not vacated the property at the time she filed her notice of appeal. She may have believed she had a right to the property that she would assert on appeal; the record gives us no basis to conclude otherwise. Third, *Marshall* came to the supreme court amidst a split in the courts of appeals about whether a forcible detainer action became moot after the claimant vacated the property. *Marshall*, 198 S.W.3d at 786 (collecting cases). If appellate justices could not agree if such vacatur rendered the appeal moot, it is unreasonable to expect a pro se, non-lawyer litigant to know her appeal would become moot once she no longer had a potentially meritorious claim for possession.

## Conclusion

We grant the Trustee's motion to dismiss but deny its request for damages. We VACATE the trial court's judgment and DISMISS the appeal for mootness.

PER CURIAM

Panel consists of Justices Christopher, Hassan, and Poissant.

7