

# Fourth Court of Appeals
## San Antonio, Texas

August 14, 2019

No. 04-19-00461-CV

Nancy **ALANIS**,
Appellant

v.

**WELLS FARGO BANK NA**, as Trustee,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2019-CV-00584
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

The clerk's record has been filed. It shows this appeal concerns a forcible detainer action. The appealed judgment orders that appellee recover possession of the property. The clerk's record shows appellant timely posted an appeal bond in the amount set by the trial court. However, the trial court thereafter issued a writ of possession.

Jurisdictional defects cannot be waived, and such defects in the appellate court and in the trial court may be noted by the appellate court sua sponte. See Tex. Ass'n. of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445–46 (Tex.1993). Courts lack jurisdiction when an issue or dispute becomes moot. Briones v. Brazos Bend Villa Apts., 438 S.W.3d 808, 812 (Tex. App.— Houston [14th Dist.] 2014, no pet.). "Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." Marshall v. Hous. Auth. of City of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006). The issue of possession in a forcible detainer action can become moot if the appellant is no longer in possession, and the appellant does not have a potentially meritorious claim of right to current, actual possession. See Briones, 438 S.W.3d at 812. When the issue of possession becomes moot, we will vacate the trial court's judgment and dismiss the case. Marshall, 198 S.W.3d at 790; see, e.g., Molina v. Stonegate Mortgage Corp., No. 04-16-00520-CV, 2016 WL 6885810, at *1 (Tex. App.—San Antonio Nov. 23, 2016, no pet.) (mem. op.).

We therefore ORDER appellant to file a response in this court by September 3, 2019 showing why the issue of possession is not moot. A failure to timely respond and address the

noted jurisdictional defect will result in a dismissal of this appeal. If a supplemental clerk's record is necessary, appellant must (a) ask the trial court clerk to prepare the record, and (b) notify this court that such a request was made. We further ORDER the appellate deadlines suspended until further order of this court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of August, 2019.



_____
Keith E. Hottle,
Clerk of Court