

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00383-CV

Hien Minh **CAO**,
Appellant

v.

Hoang **CAO**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2019CV03006
Honorable J. Frank Davis, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: August 21, 2019

VACATED AND DISMISSED

This is an appeal from a judgment awarding possession in a forcible detainer action. The issue of possession in a forcible detainer action becomes moot if the judgment is not timely superseded, the appellant is no longer in possession, and the appellant does not have a potentially meritorious claim of right to current, actual possession. *See Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). If a case is moot, we must dismiss the case for lack of jurisdiction. *See id.*

In this case, we issued a show cause order, noting a writ of possession had issued, and appellant had not filed a bond to supersede the judgment. We directed appellant to file a response explaining why this case should not be dismissed. Appellant, acting pro se, filed a response relating to the merits of the appeal. The response does not address the issue of whether this appeal is moot.

"Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). When the issue of possession becomes moot we will therefore "vacate the trial court's judgment, and dismiss the case as moot." *Id.* at 790. Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See id.*

PER CURIAM