

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00251-CV

———————————————

LATASHA AND CEDRIC GARDNER, Appellants

V.

FRANCISCO AND YANCY MORAZAN, Appellees

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2021-02410-JP

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. Introduction

Appellants Latasha and Cedric Gardner raise a single issue in their appeal from the trial court's forcible detainer judgment: that the trial court erred by granting possession of the leased premises to the landlords, appellees Francisco and Yancy Morazan, because the evidence shows they gave the Gardners only one day's notice to vacate the leased premises. We affirm.

### II. Background

In June 2021, the Morazans filed a forcible detainer suit against their tenants, the Gardners, in the Denton County justice court. They alleged that the Gardners' lease term had ended on April 30, 2021, that the Gardners were holdover tenants, and that the Morazans had given the Gardners notice to vacate the premises on May 1, 2021, by regular and certified mail. On June 22, 2021, the Morazans filed an amended petition adding a claim for past-due rent.

After a trial via Zoom on June 28, 2021, the justice court signed a judgment for the Morazans, awarding them possession of the leased premises and $7,889 in back rent. The Gardners filed a de novo appeal in the county court and deposited a cash bond with the county court at law.

The parties tried the case to the court on August 13, 2021. The trial court admitted a copy of the lease into evidence. Paragraph 27.B. of the lease states, "If Tenant fails to timely pay all amounts due under this lease or otherwise fails to comply

2

with this lease, Tenant will be in default and . . . Landlord may terminate Tenant's right to occupy the Property by providing Tenant with at least one day written notice to vacate . . . ."

The Morazans' property agent testified that the Gardners owed $11,304 in back rent. She also testified that on May 1, 2021, she sent the Gardners, on the Morazan's behalf, a "1 Day Notice to Vacate" by both regular and certified mail. The trial court admitted a copy of the notice into evidence.

The trial court rendered judgment for possession of the premises to the Morazans and also awarded them rent of $11,304. The Gardners then filed a notice of appeal to this court. Although the trial court issued a writ of possession, it was recalled when the Gardners paid a $25,278 bond to supersede the judgment.

## III. Discussion

The Gardners raise a single issue in their brief: that "[t]he trial court erred in awarding possession to the Morazans as the '1 Day Notice to Vacate' is insufficient as a matter of law to provide proper statutory notice under [the] Texas Property Code."

The sole focus of a forcible detainer action is the right to immediate possession of real property. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). To establish a superior right to immediate possession, the Morazans had the burden to prove (1) that they owned the property, (2) that the Gardners were either tenants at will, tenants at sufferance, or tenants or subtenants willfully holding over after the termination of their right of possession, (3) that the Morazans gave proper notice to

3

the Gardners to vacate the premises, and (4) that the Gardners refused to vacate the premises.  *See* Tex. Prop. Code Ann. § 24.002; *Shields Ltd. P'ship*, 526 S.W.3d at 478.

The Gardners challenge only element (3), whether the Morazans gave them proper notice to vacate.[1]  The Gardners argue that the Morazans' notice failed to comply with Section 24.005(b) of the Property Code, which requires "at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement."  Tex. Prop. Code Ann. § 24.005(b).

The record shows that the Morazans mailed their notice to vacate on May 1, 2021; they did not file their forcible detainer suit until June 7, 2021.  The Gardners still possessed the leased premises on August 13, 2021, the day of trial in the county court at law and several months after trial in the justice court.  Not only did the Morazans give at least one day's notice to vacate as provided in paragraph 27.B. of the lease, they also provided more than three days' notice under Section 24.005(b) of the Property Code before they filed their suit.  Thus, the Morazans proved that they gave the Gardners sufficient statutory notice before filing their forcible detainer suit.  *See id.*; *Quintanilla v. ANG Rental Holdings Series, LLC-Series Redeemer*, No. 05-20-00062-CV,

---

[1]The Morazans contend that the Gardners failed to preserve their appellate complaint.  But because proper notice is an element of the Morazans' suit, the Gardners' challenge to the sufficiency of that notice evidence may be brought for the first time on appeal.  *See* Tex. R. App. P. 33.1(d); Tex. R. Civ. P. 324(a)–(b); *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 815 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

2021 WL 3625075, at *5 (Tex. App.—Dallas Aug. 16, 2021, no pet.) (mem. op.); *Standiford v. CitiMortgage, Inc.*, No. 14-18-00061-CV, 2019 WL 3997106, at *5 (Tex. App.—Houston [14th Dist.] Aug. 22, 2019, no pet.) (mem. op.); *Roberts v. HRL Procurement LLC*, No. 10-18-00275-CV, 2019 WL 1561598, at *5 (Tex. App.—Waco Apr. 10, 2019, pet. denied) (mem. op.).

We overrule the Gardners' issue.

## IV. Conclusion

Having overruled the Gardners' sole issue, we affirm the trial court's judgment. We decline to order an expedited mandate at this time. *See* Tex. R. App. P. 18.1(c) ("The mandate may be issued earlier if the parties so agree, or for good cause on the motion of a party.").

/s/ Dana Womack

Dana Womack
Justice

Delivered: May 5, 2022