# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-21-00639-CV

**Derrick Woodfin and Shawn Johnson-Woodfin, Appellants**

**v.**

**Alicia Cieslewicz and Randall Cieslewicz, Appellees**

### FROM COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 21-1354-CC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Derrick Woodfin and Shawn Johnson-Woodfin (the Woodfins) appeal the county court at law's judgment of possession, awarding appellees Alicia Cieslewicz and Randall Cieslewicz possession of certain residential property in Williamson County (the Property).  The Cieslewiczes assert that because the Woodfins are no longer in possession of the Property and have not asserted a potentially meritorious claim for current possession, this appeal is moot.  We agree.

## BACKGROUND

On March 20, 2020, the Woodfins executed a lease (the Lease) for the Property, which is owned by the Cieslewiczes.  The Lease provided for an initial term of twelve months, expiring on March 31, 2021, and stated that when the initial lease term expired, the tenancy would automatically renew on a month-to-month basis "unless the landlord or tenant provides

the other party written notice of termination" thirty days before the expiration date. In addition, the Lease stated that if the tenant "fails to timely pay all amounts due under this lease . . . , landlord may terminate tenant's right to occupy the Property by providing tenant with at least one day written notice to vacate."

On July 19, 2021, Randall Cieslewicz sent a "Notice to Vacate" to the Woodfins. The written notice informed the Woodfins that the Lease was terminated due to their failure to pay July rent and instructed them to vacate the property by Friday, July 23, 2021. After the Woodfins refused to vacate, the Cieslewiczes filed a forcible-detainer suit in justice court. *See* Tex. Prop. Code §§ 24.002, .004. The justice court signed a judgment of possession in favor of the Cieslewiczes, and the Woodfins appealed to county court. *See* Tex. R. Civ. P. 510.10. Following a bench trial, the county court signed a judgment awarding possession of the property to the Cieslewiczes. This appeal followed. *See* Tex. Prop. Code § 24.007.

The Cieslewiczes have moved to dismiss this appeal, asserting that it is moot because the Woodfins are no longer in possession of the Property. The Cieslewiczes point out, and the record shows, that after rendering judgment, the county court set bond at $5,850. The Woodfins failed to pay the bond, and consequently, the Cieslewiczes requested and obtained a writ of possession. When the writ was executed, the Cieslewiczes took possession of the Property.

In response, the Woodfins do not deny that they are no longer in possession of the Property. Instead, they assert that their issues on appeal are not moot because they are "challeng[ing] the errors made by the trial court when rendering [its] decision to grant possession to appellees." In part, the Woodfins argue that (1) the Notice to Vacate was invalid because, under the Texas Property Code, the Cieslewiczes were required to separately send notice that

2

they were terminating the Lease before sending notice to vacate, and (2) the Cieslewiczes orally agreed that they would give sixty days' notice before exercising their option to terminate the Lease, which they did not do.

## ANALYSIS

The forcible-detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property when there is no unlawful entry, *Sissom v. Equity Tr. Co.*, No. 03-20-00154-CV, 2021 Tex. App. LEXIS 5952, at *2 (Tex. App.—Austin July 27, 2021, no pet.) (mem. op.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.), and the only issue in the action is the right to actual possession of the property, *Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787-88 (Tex. 2006). The forcible-detainer judgment is "not a final determination of whether the eviction is wrongful" or whether the tenant's continued possession is a trespass. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 919 (Tex. 2013).

Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *National Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999)). A case becomes moot if, during any stage of the proceedings, a controversy ceases to exist between the parties. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal the judgment, when the appellant no longer has actual possession of the property, the issue of possession in that case is moot unless the appellant holds and asserts a potentially meritorious claim of right to current, actual possession. *Marshall*, 198 S.W.3d. at 787. The

3

issue of whether an appellant who has vacated the property can demonstrate a "right to current, actual possession" often turns on whether the lease term has expired before or during the appeal. *See id.* (explaining that lease term had expired and appellant presented "no basis for claiming a right to possession after that date"); *see also Allen-Mercer v. Roscoe Props.*, No. 03-15-00674-CV, 2016 Tex. App. LEXIS 9247, at *5 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op.) (concluding that lease had expired by its own terms and tenant made "no argument, that even if meritorious could form the basis of a claim to possession after this date").

Here, there is no dispute that neither the Woodfins nor the Cieslewiczes notified the other that they were terminating the Lease thirty days before March 31, 2021, when the initial Lease term expired. Consequently, the Lease automatically renewed on a month-to-month basis. The Lease states that if it is automatically renewed

> it will continue to renew on a month-to-month basis until either party provides <u>written</u> notice of termination to the other party and the notice of termination will be effective . . . on the last day of the month following the month in which the notice is given.

The undisputed evidence shows that on July 19, 2021, the Cieslewiczes notified the Woodfins in writing that they were terminating the Lease, which both parties had the right to do under the Lease, even without reason. Under the provision above, that termination was effective August 31, 2021. Consequently, even assuming that the eviction was wrongful, as the Woodfins contend, the Lease expired on August 31, 2021. In addition, even if sixty days' notice was required, as the Woodfins suggest, the Lease expired on September 30, 2021.

Because the Woodfins no longer have actual possession of the Property and they cannot demonstrate a potentially meritorious claim of right to current, actual possession of the Property, this appeal has become moot.

4

**CONCLUSION**

We dismiss this appeal for lack of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker and Kelly

Dismissed for Want of Jurisdiction

Filed:   August 12, 2022