Opinion issued May 11, 2023



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00418-CV

_____

**CYNTHIA  ROSE, Appellant**

**V.**

**JOSEPH PIERRE, DEPENDENT ADMINISTRATOR OF THE ESTATE OF ROSALEE R. PIERRE, DECEASED, Appellee**

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1180326**

---

## MEMORANDUM OPINION

Appellant Cynthia Rose appeals a forcible detainer judgment in favor of appellee Joseph Pierre, dependent administrator of the estate of Rosalee R. Pierre, deceased, awarding him damages, attorney's fees, and court costs. In three issues, Rose contends that the trial court erred because there was legally insufficient

evidence that Pierre was (1) the prevailing party entitled to rent damages, attorney's fees, and court costs, (2) entitled to an award of rent damages under Texas Rule of Civil Procedure 510.11, and (3) eligible to recover attorney's fees under Property Code section 24.006. We affirm in part and reverse and render in part.

## Background

Pierre filed the underlying forcible detainer suit in a justice court on October 12, 2021, seeking to evict Rose from the property located at 6625 Kassarine Pass, Houston, Texas 77033 (the property).[1] In his petition, Pierre alleged that he gave Rose written notice to vacate the property but that she refused to vacate. Pierre sought possession of the property, unpaid rent, attorney's fees, and court costs.

The justice court entered a judgment awarding possession of the property to Rose and ordering that Pierre take nothing. Pierre appealed the judgment to a county court at law.[2] He filed an amended petition seeking possession of the property, attorney's fees, and court costs, but omitting the request for damages for unpaid rent. He attached as exhibits to the petition copies of a special warranty deed, an order for

---

[1]     The property at issue belongs to the estate of Rose's sister, Rosalee R. Pierre, who died on April 7, 2018. Rose was declared an heir with a 1/12th interest in the subject property.

[2]     Justice courts have original jurisdiction over forcible detainer suits. *See* TEX. PROP. CODE § 24.004; *see also* TEX. GOV'T CODE § 27.031(a)(2). A party who is dissatisfied with a justice court judgment in such a suit may appeal to a county court for a trial *de novo*. *See* TEX. R. CIV. P. 510.9.

the sale of the property, a notice to vacate, and a certificate of last known address for Rose.

The trial court held a bench trial on February 22, 2022. Two witnesses testified: Pierre and Monica Orlando, Pierre's attorney, on the issue of attorney's fees. Rose did not appear.

Pierre testified that he was appointed administrator of his late wife's estate in May 2021. He testified that notice to vacate the property was given to Rose in August 2021. Pierre stated that he obtained a court order to sell the property because it had incurred more than $4,000 in unpaid bills over the last two years and the ad valorem taxes had not been paid.

Pierre's attorney testified that she spent ten hours of time to prosecute the case and charged an hourly rate of $300, Pierre had incurred $3,000 in attorney's fees, and the fees incurred were reasonable and necessary. Pierre's attorney offered the following exhibits which the trial court admitted into evidence: (1) the letters of administration for the estate of Rosalee R. Pierre, deceased, (2) the special warranty deed for the property, and (3) the order of sale of real property.

Rose's attorney did not call any witnesses. After both sides rested, the trial court asked Pierre what the value of the property was. Pierre responded, "I think in the range of, say, 170 perhaps. I'm not sure." The court orally ruled in Pierre's favor at the conclusion of trial. On March 2, 2022, the trial court entered a final judgment

and order of possession awarding Pierre possession of the premises, $1,700 in rent damages,[3] $3,000 in attorney's fees, and court costs.

Rose requested findings of fact and conclusions of law, later followed by a notice of past-due findings of fact and conclusions of law. The trial court did not enter any findings of fact or conclusions of law. Rose filed a motion to vacate and/or modify the judgment which the trial court denied. This appeal followed.

**Discussion**

In three issues, Rose contends that there was legally insufficient evidence that Pierre was (1) the prevailing party entitling him to damages, attorney's fees, and court costs, (2) entitled to an award of rent damages under Texas Rule of Civil Procedure 510.11, and (3) eligible to recover attorney's fees under Property Code section 24.006.

**A.    Standard of Review**

We review the sufficiency of the evidence supporting a trial court's findings of fact under the same standards applicable to a review of a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When examining a "no evidence" or legal sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support

---

[3]    The award of $1,700 in rent damages is 10% of the property's purported value based on Pierre's testimony.

it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. "Anything more than a scintilla of evidence is legally sufficient to support the finding." *Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

The evidence is legally sufficient if it would enable a reasonable and fair-minded person to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827. By contrast, the record contains less than a scintilla when the evidence to prove a vital fact is "so weak as to do no more than create a mere surmise or suspicion." *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018) (quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)). When, as here, a party challenges legal sufficiency relative to an adverse finding on which she did not bear the burden of proof, she must show that no evidence supports the finding. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011).

## B.     Forcible Detainer Action

Rose contends that the evidence was legally insufficient to support one or more elements of Pierre's forcible detainer claim and therefore he is not a prevailing party entitled to rent damages, attorney's fees, and court costs.[4] In response, Pierre

---

[4]     When, as here, possession changes hands and there is no basis for a claim of right to possession, the issue of possession becomes moot. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). However, the entire case only

argues that he was the prevailing party because the trial court properly determined, based on the testimony and evidence presented, that he was entitled to possession of the property.

A tenant is subject to eviction if she refuses to surrender possession of real property after the landlord has lawfully terminated the tenant's right to possession. TEX. PROP. CODE § 24.002(a). To establish a superior right to immediate possession for a forcible detainer claim, Pierre had the burden of proving that (1) he owned the property, (2) Rose was either a tenant at will, a tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession, (3) Pierre gave proper notice to Rose to vacate the premises, and (4) Rose refused to vacate the premises. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). Rose challenges the third and fourth elements. She argues that

_____

becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). A dispute over attorney's fees is a live controversy and may prevent an appeal from being moot. *See id.* at 643. Likewise, a dispute regarding damages is a live controversy and may prevent a case from becoming moot. *See Perez v. Blue Cross Blue Shield of Tex., Inc.*, 127 S.W.3d 826, 830 (Tex. App.—Austin 2003, pet. denied). Thus, although the issue of possession in this case is moot because Rose does not claim a right to possession, her challenge to the county court's award of monetary damages and attorney's fees to Pierre is not moot. *See Daftary v. Prestonwood Market Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied) (concluding that although issue of possession in appeal from forcible detainer judgment became moot when tenant vacated, challenge to award of damages and attorney's fees remained live controversies).

there is no evidence that Pierre gave her the requisite statutory notice to vacate. She also argues that Pierre did not prove that she refused to vacate the premises.

The Texas Property Code requires the person suing for possession to make a "written" demand for possession which "must comply with the requirements for notice to vacate under Section 24.005." TEX. PROP. CODE § 24.002(b). Section 24.005(f) sets forth the methods by which a landlord may deliver a notice to vacate:

> (f) Except as provided by Subsection (f-1), the notice to vacate shall be given in person or by mail at the premises in question. Notice in person may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older or personal delivery to the premises and affixing the notice to the inside of the main entry door. Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question.

Subsection (f-1) allows for an alternative procedure for notice if certain conditions are met:

> (f-1) As an alternative to the procedures of Subsection (f), a landlord may deliver the notice to vacate by securely affixing to the outside of the main entry door a sealed envelope that contains the notice and on which is written the tenant's name, address, and in all capital letters, the words "IMPORTANT DOCUMENT" or substantially similar language and, not later than 5 p.m. of the same day, depositing in the mail in the same county in which the premises in question is located a copy of the notice to the tenant if:
>
> (1) the premises has no mailbox and has a keyless bolting device, alarm system, or dangerous animal that prevents the landlord from entering the premises to affix the notice to vacate to the inside of the main entry door; or
>
> (2) the landlord reasonably believes that harm to any person would result from personal delivery to the tenant or a

7

person residing at the premises or from personal delivery to the premises by affixing the notice to the inside of the main entry door.

*Id.* § 24.005(f). "Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements." *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 811 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Perkins v. Grp. Life & Health Ins. Co.*, 49 S.W.3d 503, 506 (Tex. App.—Austin 2001, pet. denied) (noting that where relevant cause of action derives from statute, not common law, "the 'statutory provisions are mandatory and exclusive and must be complied with in all respects.'" (quoting *Employees Ret. Sys. of Tex. v. Blount*, 709 S.W.2d 646, 647 (Tex.1986))).

A landlord cannot be the prevailing party in a forcible detainer suit when there is legally insufficient evidence of a statutorily compliant notice to vacate. *See Briones*, 438 S.W.3d at 815 (concluding that landlord could not be considered "prevailing" party in forcible detainer action for purposes of recovering attorney's fees and court costs because evidence was legally insufficient to prove that landlord gave tenant statutory notice to vacate). Failure to provide the requisite statutory notice bars a landlord from recovering its attorney's fees. *See id.*; *Washington v. Related Arbor Ct., LLC*, 357 S.W.3d 676, 682 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding trial court abused its discretion in awarding fees because there was no evidence landlord complied with notice requirement).

The only evidence of notice presented at trial was Pierre's testimony that notice to vacate was given to Rose in August 2021. Pierre did not testify that the notice was written or whether it was delivered in person or by mail. And no notice to vacate was offered or admitted into evidence at trial.

In response, Pierre argues that his testimony that notice to vacate was given to Rose in August 2021 was sufficient because Rose offered no controverting evidence that notice was not given to her. He also argues that the trial court, as fact finder, was the sole judge of the credibility of the witnesses and the weight to be given to their testimony and, thus, it could have believed Pierre's testimony that notice was given to Rose. These arguments miss the mark. Rose asserted a general denial and, in doing so, put the elements of Pierre's forcible detainer claim at issue. *See* TEX. R. CIV. P. 92. Pierre bore the burden to prove each element of his forcible detainer claim—including strict compliance with section 24.005(f)'s notice requirements—to be entitled to recovery. Whether or not Rose presented controverting evidence did not relieve Pierre of this burden.

Pierre also points to the notice to vacate that was attached to his amended petition to argue that the evidence was sufficient to show he complied with the notice requirement. The notice, however, was not offered or admitted into evidence at trial. "Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court." *Guerinot v. Wetherell*, No. 01-12-00194-

9

CV, 2013 WL 2456741, at *5 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) (mem. op.) (stating that "[s]imply attaching a document to a pleading neither makes the document admissible as evidence nor dispenses with proper foundational evidentiary requirements"); *Happy Jack Ranch, Inc. v. HH & L Dev., Inc.*, No. 03-12-00558-CV, 2015 WL 6832631, at *5 (Tex. App.—Austin Nov. 6, 2015, pet. denied) (mem. op.) (stating exhibits which were not introduced or admitted into evidence, nor included in reporter's record, could not be considered on appeal); *Atchison v. Weingarten Realty Mgmt. Co*., 916 S.W.2d 74, 76–77 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (observing that mere physical presence of document in clerk's record does not allow appellate court to consider document that is otherwise not properly part of appellate record).

We further note that to the extent the trial court took judicial notice of its file, the documents in that file, even if sworn, are not treated as substantive evidence or considered in an evidentiary sufficiency analysis if they have not been introduced and admitted into evidence at trial. *See Deutsche Bank Nat'l Trust Co. v. Jones*, No. 13-14-00464-CV, 2015 WL 4116860, at *5 (Tex. App.—Corpus Christi–Edinburg July 2, 2015, no pet.) (mem. op.) (rejecting bank's contention that notice to vacate sent by bank's counsel to tenants satisfied third and fourth elements of forcible detainer action where unsworn copy of notice appeared in appellate record but notice was not admitted as evidence at trial); *Barnard v. Barnard*, 133 S.W.3d 782, 789

(Tex. App.—Fort Worth 2004, pet. denied) ("As a general rule, documents not admitted into evidence are not considered by an appellate court. . . . A court may take judicial notice of its own files and the fact that a pleading has been filed in a case. . . . A court may not, however, take judicial notice of the truth of allegations in its records."); *Tex. Dep't of Public Safety v. Claudio*, 133 S.W.3d 630, 633 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("A court may proper[l]y take judicial notice of pleadings that have been filed. However, a court may not take the allegations in the pleadings to be true absent testimony, other proof, or admissions by the other party. . . . The court taking judicial notice of the contents of the file does not elevate those averments into proof."). The notice to vacate attached to Pierre's amended petition, but not offered or admitted into evidence at trial, is not competent evidence establishing that Pierre gave Rose notice to vacate the premises.

Pierre was required to prove that he strictly complied with the notice requirements of sections 24.002(b) and 24.005(f). Because the record lacks proof that Pierre complied with these statutory notice requirements, the evidence is legally insufficient to support the third element of Pierre's forcible detainer claim. *See Briones*, 438 S.W.3d at 811 ("Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements."); *see also Blessing v. Balderas*, No. 03-22-00613-CV, 2023 WL 2249191, at *2 (Tex. App.—Austin Feb. 28, 2023, no pet.) (mem. op.) (holding evidence was legally insufficient to support

11

element of landlord's eviction claim where record lacked any evidence that landlord complied with statutory notice requirements); *Soto v. Pantalion*, No. 01-20-00321-CV, 2021 WL 2931363, at *7 (Tex. App.—Houston [1st Dist.] July 13, 2021, no pet.) (mem op.) (concluding evidence was legally insufficient to support county court's finding that landlord complied with notice requirement of forcible detainer claim where record lacked proof of date and time of delivery of notice). Therefore, Pierre may not be considered a "prevailing" landlord in the forcible detainer action for purposes of recovering damages, attorney's fees, and court costs. *See Soto*, 2021 WL 2931363, at *7; *Briones*, 438 S.W.3d at 815. Accordingly, we sustain Rose's first issue.[5]

Due to our disposition of Rose's first issue, we need not address her second and third issues. *See* TEX. R. APP. P. 47.1; *Blessing*, 2023 WL 2249191, at *3 ("Due to our disposition of Blessing's first issue, we need not address her second issue, in which she contends that there is insufficient evidence to support the trial court's award to Balderas of attorney's fees."); *Soto*, 2021 WL 2931363, at *7 ("We sustain issue two because Pantalion has not established the third element of his forcible detainer claim. Because this issue is dispositive, we need not address Soto's third

---

[5] Because we conclude that the evidence was legally insufficient to support the third element of Pierre's forcible detainer claim, we do not reach Rose's additional argument that the evidence was also insufficient to establish the fourth element, i.e., that she refused to vacate the premises.

appellate issue [that the trial court erred by awarding monetary damages and injunctive relief to Pantalion].").

## Conclusion

We reverse the portion of the trial court's judgment awarding Pierre damages, attorney's fees, court costs, and post-judgment interest and render a take-nothing judgment on those issues. We affirm the remainder of the judgment.


Amparo Guerra
Justice

Panel consists of Justice Landau, Countiss, and Guerra.